# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JONG SHIN,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>RENEE M. BUMB,<br><br>　　　　　Defendant. | Civil Action<br>No. 18-2475 (PGS-DEA)<br><br>**MEMORANDUM OPINION** |

**SHERIDAN, U.S. District Judge**

Plaintiff Jong Chin, a prisoner currently confined at FCI Danbury, Connecticut, seeks to bring this civil action *in forma pauperis* ("IFP"), without prepayment of fees or security. IFP Application, Docket Entry 1-1.

Plaintiff's application indicates that her average monthly balance for the past six months was $331.47. The statement also indicates that Plaintiff received $2,821.85 in deposits in the prior six months. Moreover, Plaintiff had an account balance of $166.11, a National 6 Months Average Daily Balance of $858.41, a 30-day local maximum balance of $662.46, and a 30-day average balance of $331.47 as of February 14, 2018.

IFP status is a privilege, not a right. *Shahin v. Sec. of Del.*, 532 F. App'x 123 (3d Cir. 2013) (per curiam) (citing *White v. Colo.*, 157 F.3d 1226, 1233 (10th Cir. 1998)). "In determining whether a litigant is eligible for IFP status, the Court should consider the financial position of the party." *Id.* (affirming denial of IFP in spite of monthly income of only $95 from self-employment as plaintiff would not be deprived of "necessities of life").

Here, Plaintiff's income as reflected by the account statement indicates she is able to afford the $350 filing fee and $50 administrative fee. Requiring her to pay the filing fee would

not deprive her of the necessities of life as the prison provides her food, clothing, and shelter. Like the plaintiff in *Shahin*, Plaintiff may have to save in order to pay the filing fee, but such requirement "would not deprive her of the 'necessities of life.'" 532 F. App'x at 124. The Court will therefore deny the application to proceed *in forma pauperis*.

An appropriate order follows.

3/19/18
Date

PETER G. SHERIDAN
U.S. District Judge